

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-94,152-01

### EX PARTE ROBERT JOHNNIE GARCIA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 17FC-3165-D(1) IN THE 105TH DISTRICT COURT
### NUECES COUNTY

**SLAUGHTER, J., filed a concurring opinion.**

## <u>CONCURRING OPINION</u>

I join in the Court's decision to grant Applicant post-conviction habeas relief in the form of an out-of-time petition for discretionary review. I write separately to emphasize the importance of appellate counsel's duty to timely inform clients of their right to file a *pro se* PDR following the resolution of their direct appeal by the court of appeals. It appears that appellate counsel here failed to timely inform Applicant of this right, thereby depriving Applicant of his ability to pursue review in this Court. This happens far too frequently and is a troubling sign that some appellate attorneys are failing to stay abreast of developments

in their clients' cases and are failing to properly communicate with their clients (particularly those who are incarcerated).

I certainly understand and acknowledge that we are all human beings who make mistakes. But, based on the sheer volume of writ applications this Court sees annually in which this or similar problems arise, I feel that it is my ethical obligation to bring attention to this issue so that attorneys may be reminded of the effect of failing to stay informed about their pending cases. *See* Tex. Code Jud. Conduct, Canon 3(D)(2) ("A judge who receives information clearly establishing that a lawyer has committed a violation of the Texas Disciplinary Rules of Professional Conduct should take appropriate action."). My hope is that attorneys will implement practices that spur them to regularly check on the status of their cases so they may fulfill their duty to timely follow up with their clients.

Appellate counsel was appointed to represent Applicant for his direct appeal. The court of appeals issued an opinion affirming Applicant's conviction on December 30, 2020. *Garcia v. State*, NO. 13-19-00390-CR 2020 WL 7757378 at *1 (Tex. App.—Corpus Christi-Edinburg Dec. 30, 2020, no pet.) (mem. op., not designated for publication). Counsel then had a duty to send a letter to his client within five days notifying him of his right to file a *pro se* petition for discretionary review with this Court. *See* TEX. R. APP. P. 48.4. The five-day time period is critical because appellants generally have only 30 days after the court of appeals hands down a decision to timely file a petition for discretionary review. TEX. R. APP. P. 68.2(1). Here, appellate counsel waited until February 3, 2021, which was 35 days after the court of appeals' opinion issued, to send Applicant a letter

with a copy of the opinion.[1,2] Therefore, not only did appellate counsel miss his five-day deadline to send notice to his client, but his mistake also forced his client to miss the 30-day deadline for filing a PDR. Moreover, appellate counsel's letter mistakenly informed Applicant that he "may file a direct appeal to the Court of Criminal Appeals, pro se[.]" Non-capital appellants do not have a right to a "direct appeal" with the Court of Criminal Appeals, as stated in appellate counsel's letter, but rather a chance to petition the Court for discretionary review. *See* TEX. R. APP. P. 66.2 ("Discretionary review by the Court of Criminal Appeals is not a matter of right, but of the Court's discretion.").

Criminal defendants have a constitutional right to the effective assistance of counsel. U.S. CONST. AMEND. VI; *Strickland v. Washington*, 466 U.S. 668, 686 (1984). This right to effective assistance extends to the first direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 395–96 (1985); *Ward v. State*, 740 S.W.2d 794, 799 (Tex. Crim. App. 1987). Although it is true that a criminal defendant has no right to the assistance of counsel for purposes of actually pursuing discretionary review, his appellate counsel still has the duty to timely notify him of his right to file a *pro se* PDR. *In re Schulman*, 252 S.W.3d 403, 411 (Tex. Crim. App. 2008) (detailing appellate counsel's duties to clients upon denial of relief on appeal). This obligation is codified in the Texas Rules of Appellate Procedure:

> In criminal cases, the attorney representing the defendant on appeal shall, **within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review** under Rule 68. This

---

[1] The letter was both postmarked and received on February 3, 2021.

[2] Notably absent from the record is any affidavit from appellate counsel that indicates the cause for the delay in notifying Applicant regarding the disposition of his appeal.

notification shall be sent certified mail, return receipt requested, to the defendant at his last known address. The attorney shall also send the court of appeals a letter certifying his compliance with this rule and attaching a copy of the return receipt within the time for filing a motion for rehearing. The court of appeals shall file this letter in its record of the appeal.

TEX. R. APP. P. 48.4 (emphasis added).

Additionally, the Texas Disciplinary Rules of Professional Conduct require lawyers to keep clients reasonably informed of any case developments and to effectively communicate with their clients in a manner that permits the clients to make informed decisions related to their cases. Tex. Disciplinary Rules Prof'l Conduct R. 1.03(a)–(b). Of course, the duty to keep clients informed necessitates lawyers being informed of case updates themselves. Further, "in representing a client, a lawyer shall not[] neglect a legal matter entrusted to the lawyer." Tex. Disciplinary Rules Prof'l Conduct R. 1.01(b)(1).

When appellate counsel fails to timely notify a defendant of his right to pursue discretionary review, he potentially deprives his client of an entire proceeding. *Ex parte Owens*, 206 S.W.3d 670, 675 (Tex. Crim. App. 2006) (noting that counsel's failure to inform his client of his right to pursue a petition for discretionary review "deprive[d] him of an entire proceeding"). Ultimately, such a failure is unfair to defendants and is unprofessional. Not only this, but it results in unnecessary burdens on the courts and causes judicial inefficiency that wastes taxpayer dollars. I also note that, when appellate counsel *does* advise his client of his right to seek discretionary review, as he is required to do, counsel should forward the return receipt of the letter to the appropriate court of appeals, as required by Texas Rule of Appellate Procedure 48.4, to ensure that the appellate record properly reflects that counsel has fulfilled his duty in this regard.

With these comments, I join the Court's opinion.


Filed: October 12, 2022

Publish